IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01905-CMA-NYW

VIVA REALTY GROUP & INVESTMENTS LLC, *a Colorado corporation*,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY, *a Michigan corporation*,

    Defendant.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Nina Y. Wang

    This matter comes before the court on the Parties' Joint Motion to Stay Proceedings and Vacate Scheduling Conference (the "Motion"), filed October 2, 2018. [#18]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b) and the Memorandum dated October 2, 2018 [#19]. Having considered the Motion, the applicable law, and the entire docket, this court **GRANTS IN PART and DENIES IN PART** the Motion and respectfully **RECOMMENDS** that the presiding judge, the Honorable Christine M. Arguello, administratively close this matter subject to reopening for good cause.

## BACKGROUND

    Plaintiff Viva Realty Group and Investments LLC ("Plaintiff") initiated this matter on July 27, 2018. [#1]. Plaintiff asserts claims against Defendant Auto-Owners Insurance Company ("Defendant") for breach of contract, violations of Colo. Rev. Stat. §§ 10-3-1115, -1116 for unreasonable denial or delay of payment of insurance benefits, and breach of the appraisal provision of an insurance contract. [#7]. The dispute between the Parties

stems from hail damage sustained to a property owned by Plaintiff and Plaintiff's insurance claim for the value of repairs made to the property due to the hail damage. *See generally* [*id.*].

Initially, this matter was directly assigned to the undersigned pursuant to D.C.COLO.LCivR 40.1(c). This court issued an Order to Show Cause as to why this matter should not be dismissed for want of federal subject matter jurisdiction, given that Plaintiff did not identify the citizenship of its LLC-members. *See* [#6]. Once satisfied that diversity jurisdiction existed, this court set the Parties for an October 17, 2018 Scheduling Conference. *See* [#10]. The Parties then filed their non-consent to the exercise of jurisdiction by a magistrate judge, and this matter was redrawn to Judge Arguello [#14; #16] who has since referred this matter to the undersigned magistrate judge for pretrial purposes, *see* [#17].

The Parties now seek to vacate the October 17 Scheduling Conference and to stay this action because they have agreed to proceed with the appraisal process contemplated by the underlying insurance contract despite Defendant's previous denial of Plaintiff's demand for appraisal. *See* [#18 at 1–2]; *see also* [#7 at ¶¶ 35–38]. The Parties suggest that the appraisal process should resolve the breach of contract claim and, at the least, will limit the scope of the issues in this matter if not resolve the matter entirely. [#18 at 2]. Hence the Parties' request for a stay in the interim.

## ANALYSIS

Whether to stay a matter is left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (recognizing that the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763

(1931))). Although courts in this District generally disfavor stays, a stay may be appropriate under the circumstances. *See Wason Ranch Corporation v. Hecla Mining Co.*, No. 07-cv-00267-EWN–MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007). In determining the prudence of a stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

Relatedly, administrative closure pursuant to D.C.COLO.LCivR 41.2 may be appropriate when a case would otherwise be stayed for an indefinite amount of time, subject to reopening for good cause. *See, e.g.*, *Mauchlin v. Zhon*, No. 12-cv-01449-RM-BNB, 2015 WL 479042, at *1 (D. Colo. Feb. 3, 2015) (administratively closing case "subject to reopening for good cause subsequent to Plaintiff's vision problems being addressed"). Indeed, administrative closure is construed as "the practical equivalent of a stay." *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987). And it is a way for the court to manage its docket by "shelv[ing] pending, but dormant, cases[]" without a final adjudication. *See Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999).

Here, this court agrees that vacating the October 17 Scheduling Conference is warranted under the circumstances. Thus, this court **GRANTS** the Motion in this regard.

But given that the Parties do not represent when the appraisal process will commence or conclude, this court believes an indefinite stay of this matter is unwarranted. Rather, this court concludes that administrative closure of this matter subject to reopening for good cause is the more efficient course of action—one that will preserve judicial resources. *See Patterson v.*

*Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) ("In the District of Colorado, a district court 'may order the clerk to close a civil action administratively subject to reopening for good cause.' D. Colo. Civ. R. 41.2. Therefore, in the District of Colorado, a party seeking to reopen a case that has been administratively closed must demonstrate good cause. But courts have not viewed this good cause standard as an onerous one. Instead, good cause to reopen a case exists where "'the parties wish to litigate the remaining issues that have become ripe for review.'"). "Indeed, courts in this District have recognized that an administrative stay may be appropriate where the parties are directed to, or agree to participate in, a process by which independent appraisers will determine any unpaid amount of loss." *Robinwood Condo. Ass'n, Inc. v. Certain Underwriters at Lloyd's London*, No. 16-CV-01576-WJM-NYW, 2016 WL 9344075, at *1 (D. Colo. Aug. 8, 2016) (citation omitted). Accordingly, this court respectfully **RECOMMENDS** that this matter be administratively closed, subject to reopening for good cause under D.C.COLO.LCivR 41.2, pending the outcome of the appraisal process.

## CONCLUSION

For the reasons stated herein, the court **ORDERS** that:

(1) The Parties' Motion [#18] is **GRANTED IN PART and DENIED IN PART**, and the October 17, 2018 Scheduling Conference is **VACATED**; and

This court respectfully **RECOMMENDS** that:

(1) Judge Arguello **ADMINISTRATIVELY CLOSE** this matter subject to reopening for good cause pending the outcome of the appraisal process.[1]

---

[1] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and

DATED: October 2, 2018                    BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).